

# Fourth Court of Appeals
## San Antonio, Texas

March 3, 2020

No. 04-19-00844-CV

**IN THE INTEREST OF C.C.,**

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-18-53
The Honorable Selina Nava Mireles, Judge Presiding

# O R D E R

Appellant Father L.C. appeals the trial court's termination of his parental rights. On March 2, 2020, appellant's court-appointed attorney filed a brief and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues to raise on appeal. We have held that in parental termination appeals, a procedure akin to *Anders* is necessary to best protect the statutory right to counsel on appeal, to provide a procedural mechanism for counsel to fulfill his ethical obligations, to assist the court in deciding appeals, and to provide consistent procedures for all indigent litigants. *In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio 2003, no pet.); *see In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures in appeal from order terminating parental rights and holding right to counsel in parental termination cases includes the filing of a petition for review).

Appellant's appointed attorney in his brief states in a "special certificate of counsel" that he "has served a copy of this brief upon Appellant Father [L.C.] in accordance with Tex. R. App. P. 6.5. Further, Appellant has been notified of his right to object in writing as well as through this motion." This "special certificate of counsel" is not sufficient to meet all the requirements of *Anders* and *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). *See In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.); *In re R.R.*, 2003 WL 21157944, at *4.

In accordance with *Anders* and *Kelly*, appellant's appointed attorney must also show that he informed his client of "his right to file a pro se response and of his right to review the record preparatory to filing that response." *Kelly*, 436 S.W.3d at 319. Further, appointed counsel must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes." *Id.* Appointed counsel "must also notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for pro se access to the appellate record with the applicable court of appeals." *Id.* Appointed counsel

"should include in his letter to the appellant a form motion for this purpose, lacking only the appellant's signature and the date, and inform the appellant that, in order to effectuate his right to review the appellate record pro se, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." *Id*. at 320. "Counsel should make sure to supply the appellant with the mailing address for the relevant court of appeals." *Id*. "At the same time, appointed counsel should notify the court of appeals, in writing, that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, (2) provided the appellant with the requisite copies while notifying him of his various pro se rights, and (3) supplied him with a form motion for pro se access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so chooses." *Id*.

We therefore ORDER appellant appointed counsel, Gary A. Hall, to provide written proof to this court on or before **March 9, 2020** that he has complied with the *Anders* procedures set out above.

Further, in reviewing the *Anders* brief filed by appellant's appointed counsel, we note that appointed counsel refers to his client by his full name on pages 21 and 22 of appellant's brief. To protect the identity of the minor child, we ORDER appellant's appointed counsel to file on or before **March 13, 2020** an amended *Anders* brief that redacts appellant's full name.

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of March, 2020.

MICHAEL A. CRUZ,
Clerk of Court